**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 05-CV-86-HRW

BRYAN DAVENPORT                                                                          PLAINTIFF

VS:              **MEMORANDUM OPINION AND ORDER**

CORRECTIONS CORP. OF AMERICA, ET AL.                               DEFENDANTS

The plaintiff alleges in this 42 U.S.C. §1983 action that his Sixth, Eighth, and Fourteenth Amendment rights have been violated because he was unjustly: (1) terminated from the substance abuse program ["SAP"]; (2) moved from minimum security to medium security status; (3) denied parole; and (4) charged with a disciplinary infraction for "inappropriate sexual behavior."

The named defendants are Corrections Corporation of America ["CCA"]; Warden Caroline Mudd; Addiction Treatment Manager Veronica Hunt; and Jane and John Doe, CCA employees. The defendants are named in their individual and official capacities.

### "SAP" TERMINATION

The plaintiff alleges his Sixth, Eighth, and Fourteenth Amendment rights were violated because he was terminated from the substance abuse program for having received "excessive tickets." Plaintiff's Exhibit D-3. The plaintiff fails to articulate any theory of recovery which could remotely be liberally construed to state a Sixth or Eighth Amendment claim and, consequently, those claims must be dismissed pursuant to Fed.R.Civ.P. 8.

1

Very liberally construing his complaint, it may be that the plaintiff is alleging his Fourteenth Amendment substantive due process rights have been violated because he was dismissed from the SAP based upon "tickets" written against him by other inmates. It appears the plaintiff alleges that to satisfy due process, his dismissal from the SAP could only have been based upon disciplinary charges brought against him by Corrections personnel, and for which he would have to have been found guilty, but only after a hearing by Corrections personnel. The plaintiff's construed position is not well taken because, apparently, the plaintiff agreed to the terms by which he was included into or excluded from this discretionary rehabilitation program. *See* Plaintiff's Exhibit D-3, "Excessive Tickets Contract." Those terms appear to have included the plaintiff's agreed recognition that other inmate-issued "tickets" could result in his termination from SAP. *Id.* Consequently, as the plaintiff has consented to the contract terms by which he was included in the SAP, and as the plaintiff has violated those terms, he has not been the victim of a due process violation. The plaintiff's SAP-related claims are all subject to dismissal.

## SECURITY STATUS CHANGE

The plaintiff complains that his Sixth, Eighth, and Fourteenth Amendment rights were violated when unspecified Corrections personnel allegedly utilized the fact of the plaintiff's expulsion from SAP as a basis upon which to raise his security level from minimum security to medium security, and as a basis upon which to change his facility placement to a medium security setting. The plaintiff alleges that pursuant to unspecified Kentucky Department of Corrections policies, he is entitled to still retain a minimum security status and a minimum security facility placement.

2

The plaintiff fails to set forth the name, number or content of the Kentucky Department of Corrections policy upon which he apparently bases his Fourteenth Amendment due process challenge. Thus, his Fourteenth Amendment claim is insufficiently pled to state a claim and is subject to dismissal pursuant to Fed.R.Civ.P. 8.

Moreover, the plaintiff's purported Sixth and/or Eighth Amendment claims regarding his security status do not set forth any facts supporting any such claim or entitlement to recovery and, thus, they, too, are subject to Fed.R.Civ.P. 8 dismissal.

## DISCIPLINARY CHARGE

The plaintiff presumably alleges that his Sixth, Eighth, and Fourteenth Amendment rights were violated as a result of Veronica Hunt having issued a disciplinary report against him on December 23, 2004, for "inappropriate sexual behavior."

On December 23, 2004, the plaintiff was in a meeting with SAP Addiction Treatment Director Veronica Hunt, during which he was being informed that as a result of having excessive "tickets," his participation in the program was being terminated. The plaintiff reportedly asked Hunt if he could ask her two questions, and she agreed that he could. Thereafter, the plaintiff supposedly asked Hunt what "lactate" meant. He also allegedly asked her if she had a large envelope because he needed one to mail out a Christmas card he was holding. The plaintiff was advised that envelopes could be purchased at the canteen. The plaintiff claims that Hunt asked to see the card. Hunt claims that the plaintiff voluntarily handed the card to her. When Hunt opened the card, inside it was a picture of a Tazmanian devil with a prominently depicted male reproductive organ, above which were written the words, "Really long and hard."

3

The plaintiff alleges his due process rights were violated because: (1) the disciplinary report was not investigated for three days, or until the day after Christmas, and (2) his card was confiscated. It is irrelevant when the disciplinary report was investigated, because it was never prosecuted. The plaintiff does not state who allegedly confiscated his card and failed to issue a property receipt to him, and so he has not stated, with sufficient clarity, who he intends to be the defendant responsible for this alleged due process claim. Consequently, the plaintiff's claims based upon this incident are subject to dismissal.

## PAROLE

The plaintiff complains that his dismissal from the SAP and an unadjudicated disciplinary report for "inappropriate sexual behavior" unjustly caused the April 19, 2005 denial of his request for parole. Again, the plaintiff does not set forth how any of the complained-of actions of the Parole Board have constituted his purported Sixth, Eighth, and Fourteenth Amendment rights and, thus, under Rule 8 this claim is subject to dismissal.

Moreover, the plaintiff has not brought this action against defendants who are members of the Parole Board that effectuated the complained-of ruling. As the plaintiff has failed to name appropriate defendants for this claim, the claim is subject to dismissal.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a), *et seq.*, the plaintiff was required to exhaust "all available" administrative remedies prior to filing suit. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516, 532 (2003); *Boyd v. Corrections Corporation of America*, 380 F.3d 989, 994 (6th Cir. 2004); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Ordinarily, an action must be dismissed pursuant to 42 U.S.C. §1997e(c)(1)

4

and/or 42 U.S.C. §1997e(a) when the plaintiff has failed to establish that he has exhausted administrative remedies, mandatory in nature, that were in place and/or for the plaintiff having failed to plead with specificity the administrative proceedings and their outcomes. The plaintiff's only comments regarding the exhaustion of administrative remedies are, "[t]here is a grievance policy at this facility, however an attempt to resolve this issue/s was unsuccessful at all stages of the grievance." The plaintiff has not established that he has fully exhausted his administrative remedies with regard to each claim presented and, thus, this action must be dismissed.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

1. This action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

2. The plaintiff's Motion for Appointment of Counsel is **DENIED.**

This 20 day of July, 2005.

HENRY R. WILHOIT, JR.
SENIOR U. S. DISTRICT JUDGE