NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 05-CV-86-HRW

BRYAN DAVENPORT                                                                    PLAINTIFF

VS:               **MEMORANDUM OPINION AND ORDER**

CORRECTIONS CORP. OF AMERICA, ET AL.                               DEFENDANTS

\* \* \* \* \* \*

*Pro Se* Plaintiff, Bryan Davenport, has filed a motion for reconsideration [Record No. 7]. In said motion, Plaintiff asks the Court to reconsider its July 20, 2005 Order and Judgment *sua sponte* dismissing the above-captioned case. Having reviewed the record and being otherwise sufficiently advised, the Court deems this matter ripe for review.

## BACKGROUND

On June 6, 2005, Plaintiff filed a complaint pursuant to 42 U.S.C. §1983 alleging that his Sixth, Eighth, and Fourteenth Amendment rights were violated because he was unjustly: (1) terminated from the substance abuse program ["SAP"]; (2) moved from minimum security to medium security status; (3) denied parole; and (4) charged with a disciplinary infraction for "inappropriate sexual behavior." As defendants, Plaintiff named the Corrections Corporation of America ["CCA"]; Warden Caroline Mudd; Addiction Treatment Manager Veronica Hunt; and Jane and John Doe, CCA employees. The defendants were named in both their individual and official capacities.

On July 20, 2005, the Court entered an Order and Judgment *sua sponte* dismissing Plaintiff's complaint without prejudice for failure to exhaust available administrative remedies, pursuant to 42 U.S.C. §1997e, and for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. §1915(e)(2). In the instant motion, the plaintiff clarifies his complaint and requests that the Court reconsider its decision to dismiss the case in its entirety.

## STANDARD OF REVIEW

The Court reads a motion for reconsideration as a Fed. R. Civ. P. 59(e) motion to alter or amend a judgment. *See Smith v. Hudson,* 600 F.2d 60, 62-63 (6th Cir.), *cert. dismissed,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). The purpose of such a motion is to enable a court to correct manifest errors of law or fact or to consider the importance of newly discovered evidence. *See Helton v. ACS Group*, 964 F.Supp. 1175, 1182 (W.D. Ky. 1997). The law is clear in that Rule 59(e) motions are not intended to allow a party to "rehash" old arguments. *Id*.

The Court will grant relief for a Rule 59(e) motion only under the following circumstances: (1) to accommodate an intervening change of controlling law; (2) to account for new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. *Id*. If the purpose behind a movant's Rule 59(e) motion is simply to obtain a complete reversal of the Court's judgment by offering essentially the same arguments presented in the original motion, the proper vehicle for relief is an appeal. *Id.* (citations omitted).

## ANALYSIS

Upon reviewing Plaintiff's initial grounds to reconsider the Court's July 20, 2005 Order and Judgment, the Court notes that the plaintiff has not made any allegations regarding a change in the controlling law for this case. In addition, the plaintiff has not come forth with any new evidence that

would impact the outcome of this Court's determination regarding dismissal. Finally, the Order dismissing the above-captioned case did not contain any clear errors of law.

The arguments stated in Plaintiff's motion to reconsider are arguments which the plaintiff advanced unsuccessfully in his *pro se* complaint. Because the plaintiff failed to present any permissible ground for reconsideration under Rule 59(e),

**IT IS ORDERED** that the plaintiff's motion for reconsideration [Record No. 7] be, and the same hereby is, **DENIED**.

This October 4, 2005.

Signed By:
Henry R Wilhoit Jr.
United States District Judge